**GOODWIN PROCTER LLP**
Lloyd Winawer (SBN # 157823)
*lwinawer@goodwinprocter.com*
10250 Constellation Blvd., 21st Floor
Los Angeles, California 90067
Telephone: 310-788-5177
Facsimile: 310-286-0992

**GOODWIN PROCTER LLP**
Brian E. Pastuszenski (*Pro Hac Vice*)
*bpastuszenski@goodwinprocter.com*
Stuart M. Glass (*Pro Hac Vice*)
*sglass@goodwinprocter.com*
Exchange Place
53 State Street
Boston, Massachusetts 02109
Telephone: 617-570-1000
Facsimile: 617-523-1231

*Attorneys for Defendants*
Countrywide Financial Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARGENT CLASSIC CONVERTIBLE ARBITRAGE FUND L.P., Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>     vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, BANK OF AMERICA CORPORATION, ANGELO R. MOZILO, DAVID SAMBOL, ERIC P. SIERACKI and JOHN MCMURRAY,<br><br>            Defendants | Case No. 07-CV-07097 MRP (MANx)<br><br>**ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>[DISCOVERY MATTER]<br><br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |

Based upon the parties' Stipulation Governing The Treatment Of Confidential Information dated June 12, 2009 (the "Stipulation"), the Court hereby ORDERS as follows:

1. This Order Governing the Treatment of Confidential Information (the "Protective Order") shall govern the disclosure and use of Confidential Discovery Material (as defined below) provided during the course of this Action by the Parties to the Action or by nonparties, either voluntarily or as required by discovery demands made pursuant to the Federal Rules of Civil Procedure.

2. Nothing in this Protective Order shall apply to documents, information, material, or any portion thereof obtained by any Party on a non-confidential basis from an unrelated person or entity ("Independently Obtained Documents"), provided that if an Independently Obtained Document duplicates, in whole or in part, documents produced to the Party and designated as Confidential Discovery Material, and the Independently Obtained Document was obtained directly or indirectly by the unrelated person or entity as a result of discovery from any Defendant or affiliated entity in litigation involving any Defendant or affiliated entity, such Independently Obtained Document, or the duplicative portion thereof, shall be treated by the Party as Confidential Discovery Material.  Nothing in this paragraph shall be deemed to relieve any unrelated party or entity from complying with its obligations under any agreement or court order that is otherwise applicable to that person or entity.

3. As used in this Protective Order, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association. "Producing Person" refers to any person that produces Confidential Discovery Material. "Receiving Person" refers to any person that receives Confidential Discovery Material subject to this Protective Order.

4. This Protective Order designates as "Confidential Discovery Material" documents or discovery responses that may be produced during discovery that are designated as such by a Producing Person because they contain any of the following:

**Goodwin Procter LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, California 90067

1

[PROPOSED] ORDER GOVERNING THE TREATMENT
OF CONFIDENTIAL INFORMATION

CASE No. CV-07-07097 MRP (MANx)

confidential, sensitive, or nonpublic financial information and statements; proprietary business information, including business plans and records of internal deliberations and decision-making; policies and procedures not generally published, including those concerning business operations, employee benefits and risk management procedures; surveys concerning customers, competitors and employees; and individual personal information that is protected from disclosure under state or federal law, including identifying personal information and personal financial information, about any Party, any employee of any Party, or any third party.  It is possible that disclosure of this Confidential Discovery Material may cause harm to the Producing Persons and their employees, as well as to third parties.

5.   All documents designated as Confidential Discovery Material shall be so designated, by Bates range, in a letter accompanying their production to a Party or by stamping the first page of a document "CONFIDENTIAL."  Documents may be designated as Confidential Discovery Material at any time, including that a Party may designate a document as CONFIDENTIAL after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled.  Any documents designated as Confidential Discovery Material prior to entry of this Protective Order shall be treated the same in all respects as documents designated as Confidential Discovery Material after the entry of this Protective Order.  This Protective Order also treats as Confidential Discovery Material oral communications designated as confidential either orally (provided that such designation was recorded by a court reporter) or in writing.

6.   It is the intent of the Parties and the Court that materials will not be designated as Confidential Discovery Material for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

7. Confidential Discovery Material also includes those portions of any notes, work papers or other work product that contain confidential information from documents designated as Confidential Discovery Material.

8. If discovery material is inspected at the Producing Person's choice of location, all such discovery material shall be presumed at such inspection to have been designated as Confidential Discovery Material by the Producing Person until such time as the Producing Person provides copies to the Party that requested the discovery material. Production of Confidential Discovery Material for inspection and copying shall not constitute a waiver of confidentiality.

9. Confidential Discovery Material shall be subject to the following restrictions:

(a) Confidential Discovery Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.

(b) Confidential Discovery Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Discovery Material be given or shown for the purposes permitted under subparagraph (a) above.

(c) Confidential Discovery Material may be disclosed, for the purposes set forth in subparagraph (a) above, only to a "Qualified Person," defined as follows:

(i) counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed by such counsel who are assisting in the conduct of the Action;

    (ii) those officers, directors, and representatives (including legal representatives) of the Parties deemed necessary to aid counsel in the conduct of the Action;

    (iii) witnesses (other than Parties) at any deposition or hearing in the Action;

    (iv) such consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

    (v) the Court, court personnel, and jurors, potential jurors or alternate jurors;

    (vi) court reporters and videographers used in connection with the conduct of this Action;

    (vii) outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

    (viii) persons who are or were authors or recipients of the Confidential Discovery Material; and

    (ix) any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy a judgment.

  10. Each person described in subparagraph 9(c) to whom Confidential Discovery Material is disclosed shall first be advised that such Confidential Discovery Material is being disclosed pursuant and subject to the terms of this Protective Order and that Confidential Discovery Material may not be disclosed

4

other than pursuant to the terms hereof.  Prior to disclosing Confidential Discovery Material to any person described in subparagraph 9(c)(iv) above, counsel shall cause each such person to execute a Certificate in the form annexed as Exhibit A to the Stipulation.  Counsel shall be responsible for retaining executed certificates.

11. If any Receiving Person inadvertently discloses Confidential Discovery Material to persons who are not Qualified Persons, such disclosure shall be reported in writing to the Producing Person who produced such inadvertently disclosed Confidential Discovery Material.  In that event, counsel for the Receiving Person shall make all reasonable efforts to retrieve the Confidential Discovery Material and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Discovery Material in accordance with the terms of this Protective Order.

12. Information or testimony disclosed at a deposition may be designated as Confidential Discovery Material by the person providing such testimony, by a Party, or by a Producing Person if such person either:

(a) identifies on the record at the deposition those portions of the testimony that are designated as Confidential Discovery Material; or

(b) provides written notification to all Parties within thirty (30) days of the court reporter's release of the transcript of the deposition as to those pages and lines of the transcript that are designated as Confidential Discovery Material.

Except to the extent the Parties otherwise agree, the entire transcript of any deposition shall be treated as Confidential Discovery Material until thirty (30) days after the court reporter's release of the transcript of the deposition.  Each page of a deposition transcript designated as Confidential shall be stamped, as set forth in paragraph 9 above, by the court reporter or by counsel.  If counsel for any Party believes that a question put to a witness being examined in pretrial deposition will disclose Confidential Discovery Material, or that the answer to any question or

5

[PROPOSED] ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION

CASE NO. CV-07-07097 MRP (MANx)

1 questions require such disclosure, or if documents to be used as exhibits during the
2 examination contain such Confidential Discovery Material, such counsel may so
3 notify requesting counsel, and, in that event, that portion of the deposition shall be
4 taken in the presence only of counsel, parties to the Litigation, the court reporter,
5 video operator and their assistants, and persons who have signed a receipt
6 acknowledging the receipt of this Protective Order.  The court reporter shall indicate
7 in the transcript the portion of the transcript that is to be kept confidential, and shall
8 mark the cover page of the transcript accordingly.

9       13.    In the event that any person discloses Confidential Discovery Material
10 in any pleading, court filing, attachment or exhibit thereto, or other papers filed with
11 the Court pre-trial, the disclosing person shall conditionally file the confidential
12 information under seal with the Clerk of this Court pursuant to Local Rule 79-5;
13 *provided, however,* that the paper shall be furnished to the Court and the attorneys for
14 the Parties and a duplicate copy with the confidential information deleted will be
15 placed in the public record insofar as possible.  The Parties understand that
16 designation of materials as Confidential Discovery Material does not automatically
17 entitle the Parties to have such information kept under seal and that any submission
18 of documents under seal should seek to file under seal only those portions of the
19 documents that contain confidential information, *see, e.g., Kamaka v. City & County*
20 *of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006), and should be made to the
21 judicial officer presiding over the proceedings in question.  This Protective Order
22 does not address the use of Confidential Discovery Material for use at trial.  The
23 Parties agree to meet and confer regarding use of Confidential Discovery Material in
24 connection with trial and to raise the issue with the Court at an appropriate time.

25       14.    No Party concedes that any discovery material designated by any other
26 person as Confidential Discovery Material under any provision of this Protective
27 Order in fact contains or reflects trade secrets, proprietary or confidential
28 information, or has been properly designated as Confidential Discovery Material, and

**Goodwin Procter LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, California 90067

1  entering into this Protective Order shall not prejudice the right of a Party to seek, at
2  any time, a determination by the Court of whether any particular document or
3  information should be subject to the terms of this Protective Order.

4  15.  A Receiving Person shall not be obliged to challenge the propriety of a
5  designation of documents or other material as Confidential Discovery Material at the
6  time made, and failure to do so shall not preclude a subsequent challenge thereof.  If at
7  any time a Receiving Person objects to a Confidential Discovery Material designation
8  under this Protective Order, the Objecting Party shall notify the Producing Person in
9  writing.  The Objecting Party shall identify the information in question and shall
10 specify in reasonable detail the reason or reasons for the objection, and shall otherwise
11 comply with Local Civil Rule 37-1.  Within ten (10) calendar days of the receipt of
12 such written notice, the Producing Person and Objecting Party shall meet-and-confer
13 in an effort to resolve their differences.  If the disagreement cannot be resolved, the
14 Producing Person may apply to the Court within ten (10) calendar days for a
15 protective order affirming the Producing Person's Confidential Discovery Material
16 designation.  The application of the Producing Person shall comply with Local Civil
17 Rules 37-2 and 37-3, and the Producing Person shall have the burden of
18 demonstrating that the document or material designated as Confidential Discovery
19 Material is deserving of confidential treatment or other protection under the terms of
20 this Protective Order.  If the Producing Person does not make such an application to
21 the Court, the documents or material to which an objection was directed will no longer
22 be considered Confidential Discovery Material under this Protective Order.  While
23 any such application is pending, the documents or material subject to that application
24 will remain Confidential until the Court rules.

25 16.  In the event that the Court determines that there is an actual or threatened
26 breach of the agreement by a Receiving Person, the Parties agree that the Producing
27 Person would not have an adequate remedy at law and would be entitled to specific
28 performance, and/or injunctive relief, to enforce the terms of this Protective Order, in

**Goodwin Procter LLP**
10250 Constellation Blvd., 21st Floor
Los Angeles, California 90067

[PROPOSED] ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION                    CASE NO. CV-07-07097 MRP (MANx)

addition to any other remedy the party may be entitled at law or in equity.

17. Should any non-party seek access to Confidential Discovery Material by subpoena or demand, the Party or other recipient of the Confidential Discovery Material from whom such access is sought, as applicable, shall promptly notify the Producing Person who produced such Confidential Discovery Material of such requested access. If any Receiving Person (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she, or it is a party, seeking Confidential Discovery Material under this Protective Order, the Receiving Person shall give written notice, by hand or by e-mail, within five (5) business days of receipt of such subpoena or demand, to those who produced or designated the discovery material as Confidential. The Receiving Person shall not produce any of the Producing Person's Confidential Discovery Material, unless ordered by a court to do so, until the later of (i) at least five (5) business days after providing the required notice to the Producing Person, or (ii) the date of production specified in, or required by, the subpoena or demand. The Producing Person shall be solely responsible for asserting any objection to the requested production.

18. Absent consent from a Producing Person, no Confidential Discovery Material produced by such Producing Person may be used in connection with any other litigation, matter, or proceeding except for *In re Countrywide Financial Corporation Securities Litigation*, No. CV-07-07-05295 MRP (MANx) (the "*New York Funds* Action"), and *Luther v. Countrywide Financial Corporation, et al.*, No. BC 380698 (Superior Court of the State of California, County of Los Angeles) (the "*Luther* Action").

19. Upon notification that a document or other discovery material has been inadvertently produced and/or that a claim of attorney-client privilege, attorney work product, or other applicable privilege or protection will be made with regard to such document or other discovery material, the party receiving such notice shall promptly return or, at the Producing Person's option, destroy any and all copies of such

8

document or other discovery material and shall refrain from utilizing said document or discovery in any manner or form including specifically but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever. The inadvertent production of any document or discovery that is subsequently retrieved or destroyed pursuant to this paragraph shall not be deemed to be a waiver of the claim of privilege or protection asserted. Notwithstanding the foregoing, nothing in this paragraph shall prevent a Receiving Person from challenging the Producing Person's designation of the document or discovery as subject to attorney-client privilege, attorney work product, or other applicable privilege or protection or otherwise not subject to production, provided that (a) such challenge complies with Local Rules 37-1 through 37-4, (b) any review by the Court of the materials in question is conducted *in camera*, and (c) the challenge shall not assert as ground or basis that the Producing Person waived any privilege or protection because of the inadvertent disclosure.

20. This Protective Order shall be without prejudice to the rights of a Producing Person to seek further limits on disclosure or protections for the confidentiality of any discovery material (whether or not designated as Confidential) in addition to the limits and protections provided herein, including, without limitation, that access or disclosure of any discovery material be limited solely to counsel for a Party or to other specified persons and without prejudice to the rights of any other person to contest such application.

21. <u>Other Parties and Third Parties</u>. Other parties to this Litigation, including any additional parties that join or are joined in this Litigation, may have access to Confidential Discovery Material only by additional order of the Court or by the party's executing and filing with the Court a stipulation agreeing to be fully bound by this Protective Order. Third parties providing discovery materials in response to a subpoena may gain the benefits of this Protective Order with respect to any documents or discovery materials they produce by executing a Certificate in the

9

form annexed as Exhibit A to the Stipulation; by so signing, those parties will also assume all the duties and obligations required under this Protective Order.

22. Within thirty (30) days after the final termination of this Litigation, including any appeals, each counsel shall at the option of the disclosing party either return all Confidential Discovery Material in his possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or shall certify destruction thereof; provided, however, that counsel for a party may retain a file copy of work product created in connection with this Litigation that includes Confidential Discovery Material, but such work product shall continue to be kept confidential pursuant to this Protective Order.

23. The Parties may jointly seek to amend or modify this Protective Order subject to Court approval.

24. Notwithstanding any provision contained herein, nothing in this Protective Order shall restrict in any way the right of a Party to make use of its own discovery material in any way it deems fit.

25. Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

IT IS SO ORDERED.

Dated:  June 17, 2009

_____
Mariana R. Pfaelzer
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION          CASE NO. CV-07-07097 MRP (MANx)